NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2051
_____

MICHAEL BRISTOL,
Appellant

v.

CORRECTIONAL OFFICER E. T. SETTLE;
SECRETARY PA DEPT OF CORRECTIONS
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-04155)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2012

Before:  SCIRICA, RENDELL and SMITH, Circuit Judges

(Opinion Filed January 12, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

On April 2, 2009, five or six inmates at the Pennsylvania State Correctional

Institute at Graterford entered the cell of plaintiff-appellant Michael Bristol, who was

also an inmate there, called him a "child molester," and punched and kicked him for

between 20 and 40 seconds.  Bristol subsequently filed this case against Graterford

Correctional Officer E.T. Settle, asserting an Eighth Amendment failure-to-protect claim,

brought under 42 U.S.C. § 1983, and associated state-law claims, arising out of the April

2 attack.[1]  Bristol alleges that Officer Settle caused the attack by telling the other inmates

that Bristol's cellmate was a child molester.  He alleges, further, that, a week after the

beating, Officer Settle came to Bristol's cell and informed him that the attack was

intended for his cellmate, who had been convicted of a sex offense or offenses involving

children.

Bristol appeals an order of the District Court granting summary judgment to

Officer Settle and dismissing all of Bristol's claims.  We have jurisdiction over this

appeal under 28 U.S.C. § 1291, and will affirm.

The District Court first found that the undisputed facts establish that Bristol failed

to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42

U.S.C. § 1997e, and *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), before an inmate may

pursue a § 1983 claim concerning prison conditions.  Specifically, evidence submitted by

Graterford's Grievance Coordinator showed, and Bristol admitted, that Bristol never

submitted any grievance related to the April 2 attack.  The District Court also considered

and rejected Bristol's argument that he was denied access to the grievance process, noting

that, even accepting Bristol's assertion that he did not learn about the grievance process

---

[1]  Bristol also named Jeffrey Beard, Secretary of the Pennsylvania Department of
Corrections, as a defendant.  The District Court dismissed Bristol's claims against Beard,
and Bristol has not raised that dismissal as an issue on appeal.  Bristol acknowledges that
this appeal pertains only to his claims against Officer Settle.

until after the attack, when he was at a different facility, Bristol never attempted to file a grievance or asked that his failure timely to file a grievance be excused.

On appeal, Bristol reasserts the argument that he should be excused from filing a grievance in this case, without citing any supporting caselaw or facts that the District Court failed to consider. Given the mandatory nature of the administrative exhaustion requirement, *see Jones v. Bock*, 549 U.S. 199, 211 (2007), and Bristol's failure to identify any basis on which we could hold that the grievance process was unavailable in his case, we agree with, and adopt, the District Court's analysis and conclusion on this point.

The District Court also considered the merits of Bristol's federal failure-to-protect and state-law claims and held that he failed to present sufficient admissible evidence to survive summary judgment. Bristol seeks to rely on his own assertion that Officer Settle told other, unidentified inmates (presumably the same inmates who attacked Bristol, but Bristol has not offered any evidence on that point) that Bristol's cellmate was a child molester. But Bristol acknowledged at his deposition that he was not present when those remarks allegedly were made, and Officer Settle testified that he never called Bristol's cellmate a child molester. The District Court properly held that Bristol's testimony about what Officer Settle said to other, unidentified inmates outside of Bristol's presence would be inadmissible at trial and, therefore, does not create a genuine issue of material fact.

Bristol's primary response on appeal is to suggest that the admissibility of evidence at trial is irrelevant at the summary judgment stage, but Federal Rule of Civil Procedure 56 plainly states otherwise. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be

3

admissible in evidence . . . ."); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that "it is not proper" to consider evidence that would not be admissible at trial "on summary judgment"). Bristol also argues on appeal that his testimony that, on April 9, a week after the attack, Officer Settle told him that the attack was intended for his cellmate confirms that Officer Settle orchestrated the attack. But Officer Settle's after-the-fact statement about the attack does not, without more, establish a genuine fact question as to whether, *before the attack*, Officer Settle knew of and unreasonably disregarded a risk of harm, which Bristol would have to show to survive summary judgment on his failure-to-protect claim. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) ("To be liable on a deliberate indifference claim, a defendant prison official must both know of and disregard an excessive risk to inmate health or safety." (internal quotation marks and alterations omitted)).

The District Court also held that Bristol had not adduced sufficient facts to establish that Officer Settle's actions caused his injuries. Even accepting as true Bristol's allegation that Officer Settle told other inmates that Bristol's cellmate was a child molester (which, for reasons described above, we cannot do), that does not establish either a risk of harm to *Bristol* or that Officer Settle's comments caused the attack.

Finally, the District Court observed that Bristol's complaint did not contain any specific state-law claims; it stated only that the Court had jurisdiction to "consider claims arising under state law." Nevertheless, it considered the possibility that Bristol may have intended to allege state-law assault, battery, negligence, and gross negligence claims, and

4

held that any such claims suffered from the same lack of evidence as Bristol's failure-to-protect claim. We agree.

Accordingly, and for essentially the reasons set forth in the District Court's opinion, we will affirm the judgment dismissing Bristol's claims.